The plaintiffs, merchants doing business in Norfolk, Va., on 17 December, 1892, on the order of the defendant Hodges, a merchant doing business in Washington, N.C. sold and shipped to the latter certain articles of personal property, delivering the same to the Old Dominion Steamship Company, a common carrier between Norfolk and Washington. The goods arrived at Washington on or about 20 December, 1892, and were placed in its warehouse, where they remained until the beginning of this action, excepting one package, which was delivered, on the order of Hodges, before 28 December, 1892. Hodges was insolvent at the time of the sale of the goods, but his insolvency was unknown to the plaintiffs or to himself.
On 28 December, 1892, Hodges executed a deed of trust to his codefendant Chauncey, whereby he conveyed to him all of his goods and personal property in trust to pay the debts of said Hodges, the deed of trust including, and being intended to include, the goods claimed by plaintiffs. Immediately upon the execution of the assignment (37) the defendant Chauncey went to the said company, and, through one of its employees, a night watchman, who then had charge of the warehouse and its contents, including these goods, directed the said goods to be put on storage for him. The next day, to wit, 29 December, 1892, Chauncey went to the agent of the said transportation company and paid the freight on the goods and asked the agent of the company to move them to another warehouse owned by the said agent, and to put the same on storage. The agent said that the other warehouse was full, but that he would store them for him in the warehouse where they then were, and Chauncey directed him so to do, and the goods were left in the said warehouse with the agent of said company, together with other goods described in the trust, and both Chauncey and the agent of said company considered them as stored for Chauncey, *Page 28 
and charged him storage thereon from that day, to wit, 29 December, 1892.
On 30 December, 1892, the plaintiffs demanded of the carrier company that the goods be delivered to them. The company, through its agent, disclaimed any property in the goods, and stated that it held them for and subject to the order of the defendant Chauncey. At the time of the demand the goods had not been removed from the warehouse in which they were first placed, and have not since been removed. On 31 December, 1892, the plaintiffs instituted their action of claim and delivery, and in their affidavit stated that the defendants were in possession of the goods and wrongfully detained them. The goods having been seized by the sheriff, they were replevied by the defendant Chauncey, who at the time of the trial held them in the warehouse of the carrier company.
His Honor adjudged the defendant Chauncey the owner of and entitled to the possession of the goods, and the plaintiffs appealed.
The principles governing this case are fully discussed in Farrell v. R.R., 102 N.C. 390, and it is well established that if there be an actual or constructive delivery of the goods to the purchaser before the demand of the vendor, the right of stoppage in transitu is at an end. In this case there was no actual delivery, but according to the statement of facts agreed there was an express agreement between the carrier and the assignee of the vendee that the former should hold the goods on storage as the agent of the latter. The goods were no longer in transitu, and the rights of the plaintiffs were, therefore, defeated. The doctrine that the goods must come to the "corporal touch" of the vendee, as was once said by Lord Kenyon, has long been exploded. "If the carrier, by reason of an arrangement with the consignee, or for any cause, remains in possession, but holds the goods only as an agent of the consignee and subject to his order, this is the possession of the consignee." 1 Pars. Cont., 603; 2 Benjamin Sales, sec. 1117; 2 Addison Cont., sec. 600; Whitehead v. Anderson, 9 M. W., 517.
The judgment must be
Affirmed. *Page 29 
(39)